**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

LARYIE EARL JONES, #17002587,     *

                                  *

     Plaintiff,                *

                                    *

vs.                           * CIVIL ACTION NO. 18-00518-JB-B

                                    *

HUEY HOSS MACK, *et al.*,         *

                                    *

     Defendants.             *

## REPORT AND RECOMMENDATION

Plaintiff Laryie Earl Jones, a pretrial detainee who is seeking leave to proceed *in forma pauperis,* filed the instant action against Huey Hoss Mack and others. (Docs. 1, 2). The action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Upon review of the complaint, Plaintiff's other filings in this action, and Plaintiff's prior litigation history, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) because Plaintiff is barred from proceeding *in forma pauperis* and he did not pay the filing fee at the time he filed this action.

## I.   28 U.S.C. § 1915(g) and Plaintiff's Litigation History.

Section 1915(g) of The Prison Litigation Reform Act of 1995 ("PLRA") provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on

> 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 215-16 (2007).

Because Plaintiff is a pretrial detainee[1] and is seeking leave to proceed *in forma pauperis*, the Court reviewed the records of the United States District Courts for the Southern, Middle, and

---

[1]   As a pretrial detainee, Plaintiff is subject to the requirements of the PLRA. See 28 U.S.C. § 1915(h) (defining "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program").

Northern Districts of Alabama to determine whether he has three or more actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[2]  From those dockets, the Court discovered that Plaintiff has had at least three actions or appeals dismissed for one of the foregoing reasons, namely, Laryie Earl Jones v. City of Samson Police Dep't, et al., 96-01830-ID-JLC (M.D. Ala. 1996) (dismissed Mar. 10, 1997); Laryie Earl Jones v. Millard H. McWhorter, III, et al., 04-00809-MEF-DRB (M.D. Ala. 2004) (dismissed Oct. 20, 2004); Laryie Earl Jones v. Grady Lanier, et al., 04-00810-MHT-DRB (M.D. Ala. 2004) (dismissed Sept. 23, 2004); Laryie Earl Jones v. Anthony Clark, et al., CA 05-00973-MEF-DRB (M.D. Ala. 2005) (dismissed Nov. 18, 2005); Laryie Earl Jones v. Anthony Clark, et al., No. 07-11971-F (11th Cir. 2007) (appeal dismissed as frivolous Aug. 1, 2007).  In addition, Plaintiff has had other actions dismissed pursuant to 28 U.S.C. § 1915(g), for example, Laryie Earl Jones v. Greg White, et al., CA 06-00280-ID-DRB (M.D. Ala. 2006) (dismissed Apr. 20, 2006); Laryie Earl Jones v. Greg White, et al., CA 06-00289-WKW-DRB (M.D. Ala. 2006)

---

[2]    This court may take judicial notice of its own records and the records of other federal courts. Nguyen v. United States, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); United States v. Glover, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999).

(dismissed May 5, 2006); and <u>Laryie Earl Jones v. Anthony Clark, et al.</u>, CA 06-00296-MEF-DRB (M.D. Ala. 2006) (dismissed May 9, 2006).  Thus, the present action is due to be dismissed unless Plaintiff can satisfy the exception to § 1915.

## II.  Section 1915(g)'s Exception.

The exception to § 1915(g) requires that Plaintiff show that at the time of the complaint's filing, he was "under imminent danger of serious physical injury."  <u>See</u> <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999) (finding that the imminent danger of serious physical injury must be faced at the time the complaint is filed, not at a prior time); <u>Adbul-Akbar v. McKelvie</u>, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), <u>cert. denied</u>, 533 U.S. 953 (2001).

To meet § 1915(g)'s exception, the "complaint, as a whole, [must] allege[] imminent danger of serious physical injury." <u>Brown v. Johnson</u>, 387 F.3d 1344, 1350 (11th Cir. 2004).  To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury . . . ." <u>Ball v. Allen</u>, 2007 U.S. Dist. LEXIS 9706, at *4,

4

2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (citations and internal quotation marks omitted). General and conclusory allegations not grounded in specific facts cannot invoke the § 1915(g) exception. Margiotti v. Nichols, 2006 WL 1174350, at *2-3 (N.D. Fla. May 2, 2006).

In Plaintiff's § 1983 complaint (Doc. 1), he makes numerous disjointed allegations, which relate to his arrest and confinement at the Baldwin County Corrections Center, against several Defendants, including Baldwin County Sheriff Huey Hoss Mack, Baldwin County District Attorney Robert Wilters, Circuit Court Judges Jody Bishop and William E. Scully, Jr., and various Baldwin County Sheriff's Office and/or Corrections Center employees. As best the Court can discern, Plaintiff contends that while he was living in Geneva County, Alabama, Defendants Mack, Wilters, Bishop, Scully, and two Baldwin County Sheriff's Office employees conspired to have him arrested on a "bogus" charge of "theft of property," which they knew would violate his parole. (Id. at 4-5, 14-16). Plaintiff asserts that he was "denied his due process" when he was "place[d] under a bogus arrest warrant, . . . ki[d]nap[p]ed" and transferred from Geneva County Jail to Baldwin County Corrections Center, where he has been held unlawfully since October 16, 2018. (Id. at 5). Plaintiff alleges he is still

suffering back pains from his three-hour ride from Geneva County
to the Baldwin County Corrections Center.  (Id.).  Plaintiff also
alleges that he is suffering "cruel and unusual punishments" based
on the jail's conditions, which allegedly include "molds and
mildeweds," lack of ventilation, insects, not enough nutritious
meals, only two meals per day on weekends, cold food, lack of cold
water, lack of hot water, 300 percent markup of commissary items,
overcrowding, water leaks in the dorm, not enough showers for
inmates, unclean vents, unclean linens, no heater, excessive and
unwarranted lockdowns, not enough access to the telephone, being
handcuffed inside the facility, denial of television use, and no
recreation.  (Id. at 5-9).  He further asserts that Defendants
"mi[x] all inmate[s] up together" by placing federal detainees
charged with violent crimes in the same block as "non-violent"
inmates, such as himself.  (Id. at 7).  Plaintiff also complains
that inmates are not allowed to write letters to family, that
inmates receive no correspondence from appointed attorneys, and
that the facility lacks a law library, because of which Defendants
"lie."  (Id. at 6).  He also alleges that the medical department
was allowed to take his money.  (Id.).

Plaintiff claims he is a diabetic who "has been treated
indifferently from the other inmates that has diabetic.  At night

he worry about his sugar might bottom out, the nurses is untrained, they don't no what diabetic meals, suppose to be on diabetic trays they don't no." (Id. at 7). Plaintiff alleges he is "getting sicker cause of molds and mildews breathing daily (24) hours a day." (Id. at 9). Later in his complaint, Plaintiff alleges that he is sick with a bad cold, that he signed up for sick call on December 6, 2018, at 10:30 a.m., that he was not seen by 3:00 p.m., and that as a result, he will infect his whole cell block. (Id. at 16). He also alleges that after being moved to a dormitory with mostly federal detainees and many violent inmates, he is now sleeping on the floor, despite having "a bad back injury." (Id. at 9). Plaintiff asserts that he "can't get any medical attention because of untrained staff." (Id. at 16). Plaintiff contends Defendants will retaliate against him because they have "been explode,"[3] and that he needs protection by the Court from such retaliation. (Id. at 9).

Plaintiff asserts that Defendants should be ordered to "pay $2,000,000 each or dismiss bogus charge[.]" (Id. at 17). He also requests an immediate release from custody, reinstatement of his parole, and costs. (Id.).

_____

[3]    Presumably, Plaintiff means "exposed."

7

Plaintiff states more than once in his complaint that he is "in imminent danger of serious physical injury," and he alleges that other inmates are also in such danger. (See id. at 6, 9). However, these conclusory assertions merely demonstrate that Plaintiff "'is a seasoned vexatious litigant who has read 28 U.S.C. § 1915(g) and is manipulating it to serve his ends.'" See Ball, 2007 U.S. Dist. LEXIS 9706, at *8, 2007 WL 484547, at *3 (quoting Skillern v. Jackson, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006)).

Plaintiff's numerous allegations decrying his conditions of confinement - i.e., lack of cleanliness, inadequate food, overcrowding, inadequate facilities, lack of recreation or television access, mold and mildew, lack of a heater, excessive and unwarranted lockdowns, and being handcuffed inside the facility - fail to show that he was under "imminent danger of serious physical injury" at the time his complaint was filed. See Jemison v. White, 2012 U.S. Dist. LEXIS 102610, at *4-8, 2012 WL 3028061, at *2-3 (S.D. Ala. June 18, 2012) (finding that conclusory allegations regarding conditions of confinement such as lack of exercise, unsanitary cells and eating area, no hot water, insufficient living space, inadequate cooling and ventilation, and lack of reasonable measures to ensure inmate's health and safety,

8

did not demonstrate that plaintiff was under 'imminent danger of serious physical injury' at the time he filed the complaint"); Brooks v. Brooks, 2018 U.S. Dist. LEXIS 118146, at *6-7, 2018 WL 3979490, at *3 (M.D. Ala. July 13, 2018) (finding that claims presented by prisoner for "various prison conditions—i.e., lack of cleanliness, inadequate safety measures and disruption of sleep—" failed to demonstrate that prisoner was under imminent danger of serious physical injury at the time the action was filed), report and recommendation adopted sub nom. Marguerite Louise Richards Brooks v. Cliotha Releigh Brooks, 2018 U.S. Dist. LEXIS 140335, 2018 WL 3978979 (M.D. Ala. Aug. 20, 2018); Ball, 2007 U.S. Dist. LEXIS 9706, at *7-9, 2007 WL 484547, at *2-3 (finding allegations that showers were unsanitary, plaintiff's cell had inadequate lighting or fire safety measures, plaintiff's clothes were not washed frequently enough, and that plaintiff received inadequate, unsanitary, and contaminated food and beverages insufficient to demonstrate that a serious physical injury was imminent).

Plaintiff's allegation that the medical department was allowed to take his money clearly fails to demonstrate present imminent danger of serious physical injury. Similarly, his allegations that the facility lacks a law library and that inmates are not allowed to write letters to family and receive no

correspondence from appointed attorneys fail to demonstrate that a serious physical injury is imminent. See Jemison v. White, 2012 U.S. Dist. LEXIS 48318, at *6, 2012 WL 1145056, at *2 (S.D. Ala. Mar. 15, 2012) (stating that Plaintiff's claims concerning discrimination and lack of access to the law library "are not remotely connected to a serious physical injury").

In addition, Plaintiff's allegations relating to non-violent inmates being placed with violent offenders are nothing more than claims that contemplate potential harm and are insufficient to demonstrate that Plaintiff was under imminent danger of serious physical injury when he filed his complaint. See Veteto v. Clerks, Judges & Justices of Ala. Courts, 2017 U.S. Dist. LEXIS 174193, at *6-7, 2017 WL 6617051, at *3 (M.D. Ala. Oct. 19, 2017) ("In an effort to meet the exception to the three strikes bar, Veteto alleges that the overall violent nature of prison conditions, including the potential for assaults, rapes, thefts, extortion, discrimination and harassment, means that he 'was, is and remains "under imminent danger of serious physical injury" or death.' . . . These allegations are nothing more than general claims that contemplate potential harm. This purely conclusory and speculative allegation fails to demonstrate that Veteto was 'under imminent danger of serious physical injury' at the time he filed

10

this cause of action[.]"), report and recommendation adopted, 2018 U.S. Dist. LEXIS 27217, 2018 WL 1004486 (M.D. Ala. Feb. 21, 2018), appeal dismissed, 2019 WL 1112354 (11th Cir. Jan. 8, 2019). Moreover, Plaintiff's claim that Defendants will retaliate against him is purely speculative and conclusory and fails to demonstrate imminent danger.  See Ball, 2007 U.S. Dist. LEXIS 9706, at *9 n.3, 2007 WL 484547, at *3 n.3 ("[P]laintiff alleges that prison authorities may retaliate against him and contaminate his food further for complaining about the condition of the food.  The court notes that even if the court were to consider this additional allegation, it does not demonstrate imminent danger.").

Plaintiff also claims that officials at Baldwin County Corrections Center have not taken proper care of his medical needs. In Brown, the Eleventh Circuit recognized that a prisoner who alleged total withdrawal of treatment for serious diseases, namely HIV and hepatitis, along with specific facts about the consequences of being deprived treatment for his conditions, adequately alleged imminent danger of serious physical injury.  387 F.3d at 1350. However, the Eleventh Circuit has found no error in dismissing a case under § 1915(g) when a prisoner merely alleged that deprivation of his medication may result in a serious physical injury and "did not present any description of the condition giving

11

rise to his prescription for heart disease medication, and never alleged that he suffered any physical injury as a result of not receiving the medication." Skillern v. Paul, 202 F. App'x 343, 344 (11th Cir. 2006). See also King v. Beckham, 2016 U.S. Dist. LEXIS 14931, at *3-4, 2016 WL 491887, at *2 (M.D. Ga. Jan. 12, 2016) ("Plaintiff alleges–with almost no factual detail–that he had surgery on his foot and was having 'serious pain,' yet Defendants have failed to provide him with medical assistance to address this pain for several months. . . . These allegations are too conclusory to permit the Court to conclude that he is in imminent danger of suffering any serious physical injury. . . . Plaintiff has not provided the Court with any facts about his physical condition or shown that he may face serious health consequences if Defendants fail to immediately address his complaints."), report and recommendation adopted, 2016 U.S. Dist. LEXIS 14636, 2016 WL 498272 (M.D. Ga. Feb. 8, 2016); Gillilan v. Bell, 2008 WL 1924278, at *2 (S.D. Ga. May 1, 2008) ("Plaintiff . . . alleges that he is suffering from a brain tumor. . . . He states that without surgery he will die. . . . It is entirely unclear, however, how defendant has anything to do with plaintiff's claim. Defendant is a prison guard, not a medical provider. Plaintiff does not allege that defendant has any authority over

the decision to perform surgery; he merely states that 'defendant violates medical physiciane's order's [sic].' . . . Such conclusory allegations are simply inadequate to invoke the § 1915(g) exception."); Ball, 2007 U.S. Dist. LEXIS 9706, at *2, 2007 WL 484547, at *1 ("[T]he mere fact that plaintiff has complained of medical issues does not 'presume imminent danger.'") (citation omitted). As the court noted in Brown, "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Brown, 387 F.3d at 1350.

As noted *supra*, Plaintiff alleges that he is a diabetic, that he worries his sugar might bottom out, that the nurses are untrained and "don't no what diabetic meals, suppose to be on diabetic trays they don't no." (Doc. 1 at 7). Plaintiff also asserts that his sugar bottomed out on the night of November 29, 2018 and he couldn't get any help, but a federal inmate gave him something sweet to eat that raised his blood sugar back up. (Id. at 8). Plaintiff alleges he is getting sicker each day due to constantly breathing mold and mildew. (Id. at 9). He alleges that he is sick with a bad cold, that he signed up for sick call on December 6, 2018, at 10:30 a.m. but had not been seen by 3:00 p.m., and now "the whol[e] (J) block will be sick, that more money for Defendants there will be more inmates sign up for sick call

13

$25.00 a head."[4]   (Id. at 16).  He also generally alleges that he "can't get any medical attention because of untrained staff." (Id.).[5]

After reviewing Plaintiff's complaint as a whole and liberally construing his allegations, including the allegations of medical issues, the Court finds that Plaintiff has failed to demonstrate that he was under imminent danger of physical injury at the time he filed his complaint.  Plaintiff's allegations with regard to his diabetes are vague and speculative, and his allegations relating to his back injury and the night his blood

---

[4]   Interestingly, Plaintiff contends he signed up for sign call on December 6, 2018; however, his complaint is dated November 29, 2018 and is postmarked December 12, 2018.  (See Doc. 1 at 16-18).

[5]   The Court notes that on December 20, 2018, Plaintiff filed a document entitled "Amanment Motion for Emergency Dental Medical Leave."  (Doc. 3).  In the motion, Plaintiff alleges on that December 5, 2018, he was "suffering from a tooth pain" and asked the nurse for pain medication, to which she responded that he would have to sign up for sick call.  (Id. at 1).  Plaintiff states that he signed up for sick call on December 6, 2018, and that an appointed was scheduled.  (Id.).  He further alleges that he has an "absest" and that, as of December 20, 2018, he had still not received anything for his pain.  (Id. at 2).  Plaintiff states that he is "in imminent danger of serious physical injury[.]"  (Id. at 1).  He requests that the Court grant him a seven-day "emergency dental medical leave" so that he can have his "absest" treated outside the jail.  (Id. at 2).  Even construing this motion as an amendment or supplement to his complaint, Plaintiff's allegation that he had not received pain medication for his "absest" does not meet the level of adequately alleging that he is imminent danger of serious physical injury.

sugar bottomed out relate to past events. Similarly, his vague and conclusory allegations that he is getting sicker each day due to breathing mold and mildew and that he can't get medical attention because of untrained staff are simply inadequate to invoke the exception under § 1915(g). Plaintiff's allegation on December 6, 2018, that he was sick with a bad cold but had not received medical attention within five hours of signing up for sick call also fails to allege imminent danger of serious physical injury. The Court notes that no healthcare provider from Baldwin County Corrections Center is named as a Defendant. See Doss v. Corizon Health Servs., 2015 WL 3747684, at *5 (N.D. Fla. June 15, 2015) ("Also supporting the conclusion that this case is about past care and not 'imminent danger' is the fact that no health care provider from Tomoka C.I. is named as a Defendant. If Plaintiff were truly concerned about future harm because of current events and not past events, he would have named as a Defendant those persons who are now responsible for his medical care."). In sum, the numerous and varied allegations in Plaintiff's complaint and motion fail to establish § 1915(g)'s "imminent danger of serious physical injury" exception.

**III. Conclusion.**

Because Plaintiff cannot avail himself of § 1915(g)'s exception and he did not pay the $350 statutory filing fee[6] at the time he filed his complaint, this action is due to be dismissed without prejudice, and it is so recommended.  See Dupree, 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he *initiates* the action); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) (same), cert. denied, 535 U.S. 976 (2002).

<u>**NOTICE OF RIGHT TO FILE OBJECTIONS**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen.LR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a]

---

[6]     A filing fee of $350.00 for a non-habeas civil action is imposed by 28 U.S.C. § 1914(a).  As of December 1, 2016, the Judicial Conference also imposed a $50.00 administrative fee, except in habeas cases and in cases brought by persons who are permitted to proceed *in forma pauperis*.  28 U.S.C. § 1914, Jud. Conf. Schedule of Fees, No. 14.

party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

     **DONE** this **3rd** day of **April, 2019.**

                   **/s/ SONJA F. BIVINS**
             **UNITED STATES MAGISTRATE JUDGE**